STONE, Judge,
dissenting.
I would affirm and conclude that the alleged inconsistent action was the planning commission’s approval of a preliminary certificate of appropriateness in February. *166 That activity was the final discretionary act taken by the planning commission prior to issuance of a certificate of appropriateness. Under the terms of section 6-56 and 6-58 of the North Palm Beach Code, once preliminary approval was granted, upon application, issuance of a final certificate of appropriateness was a mandatory and purely ministerial act. This conclusion is in harmony with Seminole County. In that case, the court concluded that the 30-day period for filing a verified complaint under section 163.3215 commenced on the date the county initially approved a re-zoning, notwithstanding that the approval was conditioned upon a subsequent agreement to the terms of, and execution of, a development order. Seminole County, 623 So.2d at 596.
I also would not conclude, and we need not do so here, that the certificate of appropriateness is a development order within the definition of section 163.3164(6), Florida Statutes (1993).